UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

|  |  |
|---|---|
| PENTALPHA ENTERPRISES, LTD., : | |
| AND GLOBAL-TECH ADVANCED : | |
| INNOVATIONS INC., : | |
|  : | |
| Plaintiffs, : | Civil Action No. |
|  : | 09 Civ. 4304 (SCR) |
| v. : | |
|  : | |
| COOPER & DUNHAM LLP, : | |
| WENDY E. MILLER, NORMAN : | |
| H. ZIVIN AND SEB S.A., : | |
|  : | |
|  : | |
| Defendants. : | |

_____:

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO**
**PLAINTIFFS' MOTION TO REMAND**

June 12, 2009                              William E. Pelton (WP 1850)
                                           Robert T. Maldonado (RM 7873)
                                           COOPER & DUNHAM LLP
                                           30 Rockefeller Plaza
                                           New York, New York  10112
                                           Tel.  (212) 278-0400
                                           Fax. (212) 391-0525
                                           E-mail: RMaldonado@cooperdunham.com

                                           *Counsel for Defendants*

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................... ii

FACTUAL BACKGROUND .....................................................................................................1

ARGUMENT ..............................................................................................................................3

    A.    This Court Has Original Jurisdiction Under 28 U.S.C. §§ 1331 and 1338..............3

    B.    This Court Has Supplemental Jurisdiction Under 28 U.S.C. § 1651......................6

CONCLUSION............................................................................................................................7


# TABLE OF AUTHORITIES

**Cases**                                                                                                                          **Page(s)**

*Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P.*,
    504 F.3d 1262 (Fed. Cir. 2008) ................................................................................. 4, 5

*Caterpillar, Inc. v. Williams*,
    482 U.S. 386 (1987) ................................................................................................. 6

*Chance v. Sullivan*,
    993 F. Supp. 565 (S.D. Tex. 1998) ......................................................................... 7

*Christianson v. Colt Indus. Operating Corp.*,
    486 U.S. 800, 108 S.Ct. 2166 (1988) ..................................................................... 3

*Franchise Tax Board v. Construction Laborers Vacation Trust*,
    463 U.S. 1 (1983) ..................................................................................................... 6

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*,
    545 U.S. 308, 125 S.Ct. 2363 (2005) ..................................................................... 4

*Nazzaro v. Balber*,
    2005 WL 1251785 (S.D.N.Y. 2005) ....................................................................... 5

*Stephenson v. Dow Chemical Co.*,
    346 F.3d 19 (2d Cir. 2001) ...................................................................................... 7

*United States v. New York Tel. Co.*,
    434 U.S. 159, 98 S.Ct. 364 (1977) ......................................................................... 7

**Rules**

28 U.S.C. §1331 ................................................................................................................ 3, 6

28 U.S.C. § 1338(a) ..................................................................................................... 3, 4, 6

28 U.S.C. § 1651 ................................................................................................................... 6

29 U.S.C. §§ 1001 ................................................................................................................ 5

35 U.S.C. § 284 .................................................................................................................... 2

35 U.S.C. § 287(a) .................................................................................................... 1, 2, 3, 5

Defendants Cooper & Dunham LLP, Wendy E. Miller, Norman H. Zivin and SEB S.A., by and through their attorneys, respectfully submit the following memorandum in opposition to the motion of Plaintiffs Pentalpha Enterprises, Ltd. and Global–Tech Advanced Innovations, Inc. (collectively "Pentalpha" or "Plaintiffs") to remand this action to the Supreme Court of the State of New York. Because Plaintiffs' well-pleaded state law claims implicate substantial, disputed questions of federal Patent Law, this Court has original and exclusive jurisdiction, and Plaintiffs' motion to remand should be denied.

## FACTUAL BACKGROUND

On or about April 8, 2009, Plaintiffs commenced an action in the Supreme Court of the State of New York against Defendants, asserting a number of state law claims based on fraud. Plaintiffs alleged misconduct by SEB and its attorneys in the course of an underlying civil patent infringement action between the parties, entitled *SEB S.A. v. Montgomery Ward & Co., Inc., et al.*, 99 Civ. 9284 (SCR). In their Complaint, Plaintiffs rely heavily on the Patent Law, and tie the patent damages awarded to SEB to Plaintiffs' damages resulting from Defendants' alleged fraud. Thus, Plaintiffs allege as follows:

> 73. Based upon the evidence that SEB offered at trial, including the testimony of Infeld that SEB on April 11, 2007 claimed was false, the Jury found that SEB had marked substantially all of it [sic] deep fryers *in compliance with 35 U.S.C. § 287(a)* since before Pentalpha began selling deep fryers.
>
> 74. Based upon the Jury's verdict and the Federal Court's award of prejudgment interest, the Federal Court entered judgment in favor of SEB and against Pentalpha on October 3, 2008 for $4,878,341. Of that amount, $3,995,413 represented damages and prejudgment interest for Pentalpha's sales to Sunbeam.
>
> 75. As a result of the fraud of Miller described above, Pentalpha sustained damages in excess of $3,995,413, the precise amount to be determined by the trier of fact in this action.

Compl., ¶¶ 73-75 (emphasis added); *see also* Compl., ¶¶ 20 (Plaintiffs reproduce the text of 35

1

U.S.C. § 287(a) in its entirety), 21, 22, 23, 41, 58, 63, 64, 72, 82, 102.  Based upon their own pleadings, Plaintiffs seek damages for alleged fraud in the amount of $3,995,413, which damages admittedly are the portion of patent damages awarded to SEB which purportedly represent "Pentalpha's sales to Sunbeam."  More specifically, when discussing, "Pentalpha's Damages From Defendants' Fraud," Plaintiffs allege:

> 62.  That $4,878,341 included approximately $3,995,413, for Pentalpha's sales to Sunbeam, $2,650,000 in damages and approximately $1,345,413 in prejudgment interest.
>
> 65.  Pentalpha sold 312,726 deep fryers to Sunbeam.  Of these, Pentalpha sold at least 66 percent of those deep fryers to Sunbeam before July 10, 1998.  For all of these sales to Sunbeam, the Jury awarded SEB a royalty of $3,600,000.  If SEB could not recover damages for 66 percent of the deep fryers, that Pentalpha sold to Sunbeam before July 10, 1998, SEB would not recover more than approximately $1,224,000 for all of Pentalpha's sales of deep fryers to Sunbeam.  Reducing that $1,224,000 amount by the $2,000,000 set-off based upon Sunbeam's settlement payment to SEB, SEB would not have recovered any damages based upon Pentalpha's sales to Sunbeam.  If SEB did not recover any damages for Pentalpha's sales to Sunbeam, SEB would not recover any prejudgment interest for Pentalpha's sales to Sunbeam.

According to Plaintiffs, sales to Sunbeam should have been excluded from the damages award because the sales to Sunbeam allegedly occurred before SEB began to mark its deep fryers.[1]

The gravamen of Plaintiffs' Complaint is that SEB and its attorneys failed to disclose documents and made misrepresentations to the Court and to the jury relating to the marking of the deep fryers at issue in the underlying litigation.  The result of this alleged fraud, according to Plaintiffs, is that the jury awarded patent damages, pursuant to 35 U.S.C. § 284, in excess of the amount that should have been awarded under the Patent Law.  Plaintiffs claim to have suffered damages in an amount equal to the portion of damages Plaintiffs believe should not have been

---

[1]  This nearly identical issue is the subject of Plaintiffs' appeal of the Final Judgment entered in the underlying litigation, which is presently pending before the United States Court of Appeals for the Federal Circuit.  *SEB S.A. v. Montgomery Ward & Co., Inc., et al.,* Docket Nos. 2009-1099, -1108, -1119.

awarded pursuant to the Patent Law.

In this case, Plaintiffs' state law claims are inextricably intertwined with the overriding Patent Law claims which were at issue in the underlying litigation. Without question, consideration of the merits of Plaintiffs' claims will involve reconsideration of the handling of the underlying patent infringement litigation and substantial, disputed questions of Patent Law.

## ARGUMENT

### A.    This Court Has Original Jurisdiction Under 28 U.S.C. §§ 1331 and 1338

District courts have original federal question jurisdiction of civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331. In addition, district courts have *exclusive* original jurisdiction over any civil action arising under the Patent Law. 28 U.S.C. § 1338(a).[2]  The United States Supreme Court has held that a district court has exclusive jurisdiction over a civil action pursuant to 28 U.S.C. § 1338(a), where "a well-pleaded complaint establishes either [i] that federal patent law creates the cause of action or [ii] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809, 108 S.Ct. 2166 (1988). For the purposes of determining whether patent law is a "necessary element" of a well-pleaded claim, the Court must confine itself to what appears in plaintiff's statement of its own claim in the Complaint, and may not consider anticipated defenses. *Id.*

---

[2]    Although Defendants' Notice of Removal does not explicitly recite 28 U.S.C. § 1338 as a basis for removal, the notice clearly states that the federal question issues "center on federal Patent Law issues, recite the Patent Law, 35 U.S.C. § 287(a), and are preempted thereby." (Notice Of Removal, ¶ 2). Accordingly, Defendants' Notice of Removal at least implicitly relies on 28 U.S.C. § 1338, which governs jurisdiction over Patent Law claims.

The Federal Circuit recently ruled on a case with facts similar to those present here. In *Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P.*, 504 F.3d 1262 (Fed. Cir. 2007), the Plaintiff patent owner, Air Measurement Technologies ("AMT"), filed suit in state court against its former attorneys for malpractice relating to the prosecution of a patent application and the handling of a patent infringement suit. The law firm removed the case to federal court, and the patent owner's motion to remand the case to state court was denied.[3] Although AMT's Complaint stated causes of action for legal malpractice, negligence and other claims arising under state law, and did not state any claim under federal law, the district court denied the motion to remand "on the ground that AMT's suit 'necessarily depends on resolution of a substantial question of federal patent law,' because in order to prevail, AMT 'must establish that their infringement claims were otherwise valid, but that [the lawyer's] negligence afforded the patent defendants certain defenses under patent law.'" *Id.* at 1266-67. In that case, "[b]ecause AMT's malpractice claim stems in part from unsuccessful prior litigation, AMT must establish that they would have prevailed in the prior litigation but for Akin Gump's negligence that compromised the litigation." *Id.* at 1268-69. Indeed, the Federal Circuit concluded that it would be illogical to conclude that the federal district court had jurisdiction under 35 U.S.C. § 1338(a) to hear the underlying patent dispute, but did not have jurisdiction to "hear the same substantial patent question in the 'case within a case' context of a state malpractice claim." *Id.* at 1269 (*citing Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312, 125 S.Ct. 2363 (2005)).

---

[3] Three years after the action was removed to federal court by the law firm, the parties changed posture, and the *law firm* moved to remand the case to state court. *Air Measurement Technologies,* 504 F.3d at 1267. The law firm's motion also was denied. The decision cited here pertains to the law firm's appeal of the denial of its motion to remand.

Similarly, in this case, in order to prevail on its fraud claims, Plaintiffs must establish that the amount of patent damages awarded by the jury and reduced by this Court would have been less but for Defendants' alleged fraud.  This inquiry raises a substantial issue of federal Patent Law.  Plaintiffs' assertion that the fraud claims asserted in this action do not involve substantial questions of federal law is disingenuous at best.  (Pl. Mem. at 4).  Plaintiffs' theory expressly requires a showing that Defendants' alleged misrepresentations and alleged concealment of documents hid material evidence "that would have substantially limited SEB's [patent] damages."  Compl., ¶¶ 1, 65.  For a Court to determine how SEB's patent damages would have been affected, it will be necessary to interpret and apply the federal Patent Law.  This Court clearly has subject matter jurisdiction over such claims.  *See Nazzaro v. Balber*, 2005 WL 1251785 (S.D.N.Y. 2005) (plaintiff's state law legal malpractice claim raised substantial, disputed question of federal law relating to damages in underlying action arising from the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA")).  As in *Air Measurement Technologies*, it would be illogical to conclude that this Court, which had jurisdiction to hear the underlying patent infringement dispute, lacks jurisdiction to hear "the same substantial patent question in the 'case within a case' context" of Plaintiffs' fraud claims.  *Air Measurement Technologies,* 504 F.3d at 1269.

Plaintiffs also assert that Defendants advanced arguments in the underlying litigation concerning patent markings which were false.  Compl., ¶¶ 58, 82.  To determine the merits of these allegations, the Court will have to consider the marking requirements of the Patent Law, 35 U.S.C. § 287(a).  In addition, Plaintiffs make arguments regarding the production of alleged documents relating to patent marking.  The relevance of documents concerning patent marking also is governed by the Patent Law.  *Id.*

The foregoing are substantial, disputed issues of Patent Law which appear on the face of Plaintiffs' Complaint, and are necessary elements to Plaintiffs' state law claims. Accordingly, this Court has exclusive and original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

In addition, the only damages which Plaintiffs claim to have suffered as a result of Defendants' alleged fraud are the patent damages which were awarded to SEB in the underlying litigation. Based upon their own pleadings, Plaintiffs seeks damages for alleged fraud in the amount of $3,995,413, which damages admittedly are the portion of patent damages awarded to SEB which represent "Pentalpha's sales to Sunbeam," which, according to Plaintiffs, allegedly occurred before SEB began to mark its deep fryers. (Compl., ¶¶ 73-75). As such, Plaintiffs' damage claim is completely preempted by the federal Patent Law.[4] The doctrine of complete preemption supports denial of Plaintiffs' motion to remand because federal courts have exclusive jurisdiction to hear claims which arise under federal law, even where such claims are masked as state law claims, but are completely preempted by federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22 (1983).

### B.   This Court Has Supplemental Jurisdiction Under 28 U.S.C. § 1651

The All Writs Act empowers a court to "issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651. At least one court has upheld "use of the All Writs Act by a district court to remove an otherwise unremovable state court case to 'effectuate

---

[4] Plaintiffs argue that the doctrines of res judicata and collateral estoppel do not apply. (Pl. Mem. at 6). These issues, however, are not relevant to Plaintiffs' motion to remand, but rather would be relevant to a motion to dismiss. Defendants disagree with Plaintiffs' argument, but will not address those issues at this time.

and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained.'" *Chance v. Sullivan*, 993 F. Supp. 565, 568 (S.D. Tex. 1998) (*citing United States v. New York Tel. Co.*, 434 U.S. 159, 172, 98 S.Ct. 364, 372 (1977)). The Second Circuit, however, has held that the All Writs Act, on its own, does not provide a basis for removal. *Stephenson v. Dow Chemical Co.*, 346 F.3d 19, 21 (2d Cir. 2001). Therefore, although removal may not be based *solely* on the All Writs Act, in view of the federal Patent Law basis for removal discussed above, the All Writs Act provides supplemental jurisdiction to this Court to issue all writs necessary in this action. *Id.*

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' motion to remand this case to the Supreme Court of the State of New York be denied with prejudice.

Respectfully submitted,

/Robert T. Maldonado/

Dated: June 12, 2009

_____
William E. Pelton (WP 1850)
Robert T. Maldonado (RM 7873)
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York  10112
Tel.  (212) 278-0400
Fax. (212) 391-0525
E-mail: RMaldonado@cooperdunham.com

*Counsel for Defendants*